UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY VAN MOURIK,<br><br>    Plaintiff,<br><br>v.<br><br>BIG HEART PET BRANDS, INC.,<br><br>    Defendant. | Case No. 3:17-cv-03889-JD<br><br>**ORDER RE TRANSFER MOTION AND MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 63, 65 |

    Plaintiff van Mourik is a Texas resident who purchased "All Natural" dog food manufactured by defendant Big Heart Pet Brands, Inc. ("Big Heart") from a store in Magnolia, Texas. Dkt. No. 60 at 2. Van Mourik sued Big Heart in this district, alleging violations of California consumer protection laws and seeking to represent a class of California consumers. In ruling on Big Heart's motion to dismiss, Dkt. No. 23, the Court found that van Mourik lacks standing to sue on behalf of a California consumer class. *Van Mourik v. Big Heart Pet Brands, Inc.*, No. 3:17-CV-03889-JD, 2018 WL 1116715, at *1 (N.D. Cal. Mar. 1, 2018). The Court dismissed all the California class claims with leave to amend and allowed van Mourik to proceed as an individual under her California warranty claims. The Court advised van Mourik that she could cure the standing issue by adding a California resident as a named plaintiff. *Id.* at *2.

    Van Mourik has now filed an amended complaint. Dkt. No. 60. She no longer asserts any California claims at all. Instead, she has elected to sue as an individual and on behalf of putative nationwide, multistate, and Texas classes under Texas consumer protection statutes and Texas common law. Big Heart has filed a motion to transfer, Dkt. No. 63, and a motion to dismiss, Dkt. No. 65. The Court grants the transfer motion and transfers the case to the Southern District of Texas. The motion to dismiss is terminated as moot.

Under 28 U.S. Code Section 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The parties agree that the action could have been brought in the Southern District of Texas. Dkt. No. 66 at 4. To determine whether transfer promotes "convenience and fairness," the Court weighs several factors, including which state is most familiar with the governing law, the location of witnesses and evidence, the relevant public policy of the forum state, and the plaintiff's choice of forum. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

Here, two factors weigh strongly in favor of transfer: (1) Texas courts are most familiar with the governing law, and (2) Texas has a "local interest in having localized controversies decided at home." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Van Mourik argues that California also has an interest in the case, since Big Heart was formerly headquartered in California and made marketing decisions there. Even so, that is not enough to outweigh the fact that plaintiff is a Texas resident who saw the advertising in Texas, purchased the product in Texas, and seeks redress under Texas law. California might have some prior connection to the course of conduct, but the dispute is unquestionably "at home" in Texas, and Texas's local interest is greater. *See Van Mourik*, 2018 WL 1116715, at *3.

Van Mourik also says that her choice of forum and the location of potential witnesses preclude transfer. But choice of forum is not due substantial weight in this case. On a Section 1404(a) transfer motion, "[a]lthough great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight. . . . If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted). Here, plaintiff has not shown why her choice of forum is entitled to anything more than "minimal consideration," particularly since she has advised the Court that "[w]hether the action is in

2

California, Texas, or Ohio, the chances of Plaintiff attending any court hearing are slim to none" and "class actions are rarely tried." Dkt. No. 66 at 5.

While an argument can be made that the convenience for some potential witnesses is greater in California, it is not a substantial factor against transfer. Because depositions largely take place where witnesses reside, and in light of federal courts' nation-wide subpoena power under Rule 45, the convenience factor is largely about trial convenience for non-party witnesses. *See, e.g.*, *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005); *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007). Big Heart acknowledges that more than half of the fourteen current and former Big Heart employees listed in its initial Rule 26(a) disclosures are located in the San Francisco Bay Area. In particular, all three of the listed former employees appear to be located here in the Bay. *See* Dkt. No. 69 at 5; Dkt. No. 66-3 at 2-3; Dkt. No. 66 at 7. But at this early stage in the case, neither party can say for sure which witnesses will be called to testify. Given this open-ended question, witness convenience is a factor that lends limited support to a California venue.

This case is about a Texas resident's claim under Texas law for advertisements that she saw and acted on in Texas. Texas courts are better versed in Texas law, and Texas has a much greater interest than California in having this Texas dispute decided by a local court. Some non-party trial witnesses may live in California, but the circumstances as a whole indicate that transferring this case to the Southern District of Texas best serves the interests of fairness and convenience.

**IT IS SO ORDERED.**

Dated: July 24, 2018

JAMES DONATO
United States District Judge